IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HUNTER, | No. C 19-4046 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ERYN CERVANTES; RON DAVIS; RONALD BROOMFIELD, | (ECF Nos. 14, 18, 22) |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that prison officials violated his constitutional rights because he could not call into hearings in state court lawsuits against his ex-wife. Defendants filed a motion for summary judgment. Plaintiff filed an opposition, and defendants filed a reply brief. For the reasons explained below, the motion for summary judgment is **GRANTED**.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of

identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

**B.    DISCUSSION**

Plaintiff brought numerous lawsuits against his ex-wife in small claims and superior courts around California. Plaintiff claimed that she owed him money for loans and personal and real property. Plaintiff alleges here that defendants prevented him from making seven telephonic appearances in these cases, and he claims that in so doing they violated his constitutional rights to access the courts and to equal protection. Plaintiff also claims that defendant Eryn Cervantes, a correctional officer, denied him phone access in order to retaliate against him for filing administrative grievances and lawsuits.

    1.    Access to Courts

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Id.* at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 351, 354-55. Impairment of the ability to litigate cases that do not challenge an inmate's conviction, sentence, or conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of

conviction and incarceration." *Id.* "[A] prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (state official's refusal to transport prisoner to court for a state civil trial that is unrelated to the cause or conditions of the detention does not violate prisoner's constitutional right of access to the courts).

Plaintiff alleges that defendants prevented him from accessing telephonic hearings on several occasions in his civil suits against his ex-wife for money and property. There is no allegation or evidence that defendants obstructed his access to courts in cases involving the conditions or duration of his confinement. Consequently, there is no triable factual issue as to whether defendants violated his constitutional right to access the courts.

2. Equal Protection

Plaintiff claims that defendant Cervantes violated his equal protection rights by preventing him from calling into a state court hearing in July 2019. The hearing was on plaintiff's motion to vacate the court's prior dismissal of the case. Prison policy allowed inmates to call into court hearings if they signed up for the prison's "Court Call" program or if they had a court order requiring their appearance. There is evidence that on numerous occasions plaintiff had received permission to call courts in other cases. Plaintiff had not signed up for Court Call for the July 2019 hearing, however, and the state court permitted but did not require plaintiff's appearance. Cervantes did not allow him to call the court for that hearing. The state court denied plaintiff's motion to vacate. Plaintiff filed an appeal, which he later withdrew.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff has not demonstrated that he was part of a group or class of inmates that received different treatment than a similarly situated class. A plaintiff can nevertheless

1  establish an equal protection "class of one" claim by demonstrating that the state actor (1)
2  intentionally (2) treated him differently than other similarly situated persons, (3) without a
3  rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011).

4  Plaintiff cannot show that he was treated differently from similarly situated inmates.
5  The evidence shows that plaintiff did not satisfy the prison policy's requirements for calling
6  into the court hearing. Plaintiff was not similarly situated to those inmates who did meet those
7  requirements. There is no evidence, furthermore, that prison officials allowed other inmates to
8  call court even when they did not follow the prison policy. Nor is there evidence that prison
9  officials only applied the policy to plaintiff and not to other inmates. Finally, there is no
10 evidence that the policy was a sham; indeed, there is evidence that plaintiff had often been able
11 to call the court in his cases. Plaintiff's different treatment from inmates who met the policy
12 requirements — and on that basis received permission to call into court hearings — is irrelevant
13 to the equal protection analysis. There is no triable issue as to whether defendants treated
14 plaintiff differently from similarly situated inmates.

15 The evidence also shows that defendants had a rational basis for not allowing him to call
16 the court, namely that plaintiff did not follow prison policy. There is no evidence that the
17 policy was a sham, as noted, or that it was unconstitutional or irrational. Requiring inmates to
18 sign up in advance or have a mandatory court appearance is a rational way of organizing such
19 calls because it prevents too many inmates from trying to use the phones at once, prevents
20 inmates from overwhelming the court, and prioritizes mandatory appearances over optional
21 ones. There is no triable issue as to whether defendants acted rationally when they did not
22 allow him to call the state court for the July 2019 hearing. Defendants are entitled to summary
23 judgment on plaintiff's equal protection claim.

24        3.    Retaliation

25 Plaintiff claims that defendant Cervantes denied his request to call the court to retaliate
26 against him for filing administrative grievances and lawsuits. According to plaintiff, the
27 retaliation began following a conversation they had in June 2019. Plaintiff complained to

4

1   Cervantes about not allowing him to call the state court in May 2019.  Plaintiff asserts that
2   Cervantes replied, "You should have thought about that before you started and continued filing
3   grievances and lawsuits in San Quentin."  Plaintiff claims that this statement shows that when
4   Cervantes did not allow him to call the court for his next hearing (in July 2019), Cervantes did
5   so to retaliate against him for his grievances and lawsuits against prison officials.

6         "Within the prison context, a viable claim of First Amendment retaliation entails five
7   basic elements:  (1) an assertion that a state actor took some adverse action against an inmate
8   (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
9   exercise of his First Amendment rights, and (5) the action did not reasonably advance a
10  legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

11        There is no triable issue as to whether Cervantes denied plaintiff permission to call into
12  the July 2019 hearing *because of* plaintiff's prior grievances and lawsuits.  The evidence shows
13  that plaintiff did not sign up for Court Call, nor did he show that the state court required his
14  appearance at the hearing.  This meant that under prison policy, plaintiff could not make the
15  call, and Cervantes had to deny plaintiff permission to make the call regardless of whether or
16  not plaintiff had previously filed grievances or lawsuits.  There is no triable issue, therefore, as
17  to whether Cervantes did not allow plaintiff to call the court because of plaintiff's exercise of
18  his First Amendment rights, as opposed to because of plaintiff's failure to satisfy the prison's
19  requirements for making such calls.  Accordingly, defendants are entitled to summary judgment
20  on this claim.

21        The evidence also leaves no reasonable doubt that Cervantes did not chill plaintiff's
22  exercise of his First Amendment rights.  A prisoner must at least allege that he suffered harm,
23  since harm that is more than minimal will almost always have a chilling effect.  *Id.* at 567-68
24  n.11.  Here there is no evidence of harm from plaintiff's failure to appear at the hearing on his
25  motion to vacate the state court's dismissal order.  Although the court denied his motion to
26  vacate, plaintiff did not lose access to the courts insofar as he filed an appeal.  The appeal failed

because he withdrew it, not because of any action by Cervantes.[1]

Defendants are entitled to summary judgment on the retaliation claim because there are no triable issues of fact on the causation or chilling effect elements of the retaliation claim,

**CONCLUSION**

For the reasons set out above, defendants' motion for summary judgment is **GRANTED.** The clerk shall enter judgment and close the file. The motions for an extension of time and for a ruling are **GRANTED.**

**IT IS SO ORDERED.**

Dated: August  21 , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] In light of this ruling, the court need not address defendants' alternative arguments for summary judgment on exhaustion and qualified immunity grounds.

6